CITY OF STRONGSVILLE, Appellee,

v.

FELICIANO, Appellant.

[Cite as *Strongsville v. Feliciano*, 194 Ohio App.3d 476, 2011-Ohio-3266.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 96294.

Decided June 30, 2011.

George F. Lonjak, Strongsville City Prosecuting Attorney, for appellee.

Tiaon Michele Lynch, for appellant.

KENNETH A. ROCCO, Judge.

{¶ 1} Defendant-appellant, Alnardo Feliciano, was charged in Berea Municipal Court with domestic violence in violation of R.C. 2919.25(A) and eventually entered a plea of guilty to a charge of disorderly conduct. After the trial court imposed sentence, Feliciano paid his fine but filed a notice of appeal and requested the trial court to stay execution of the remainder of his sentence.

{¶ 2} Feliciano now seeks to appeal from his conviction; however, this court cannot consider this case and must dismiss this appeal because the trial court did not enter a final order.

{¶ 3} "A judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) [*the time stamp showing journalization*] *by the clerk of court.*" (Emphasis added.) *State v. Baker,* 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, syllabus, explaining Crim. R. 32(C).

{¶ 4} A trial judge's handwritten notations made on a case file are insufficient to serve as a judgment entry unless those notations have been time-stamped by the court's clerk. *State v. Charlton,* Summit App. No. 24035, 2008-Ohio-3771, 2008 WL 2924654; *Cuyahoga Falls v. Foster,* Summit App. No. 21820, 2004-Ohio-2662, 2004 WL 1160159, ¶ 5, citing *State ex rel. White v. Junkin* (1997), 80 Ohio St.3d 335, 337, 686 N.E.2d 267.

{¶ 5} The record submitted in this case demonstrates that the Berea municipal court's clerk has time-stamped some of the court's docket entries. The "journal

entry" from which Feliciano has attempted to appeal, however, is simply a part of a preprinted file folder. The entire file folder contains many handwritten notes, apparently added at different times during the proceedings.

{¶ 6} Handwritten marks on the case file folder indicate that Feliciano was found guilty of "Dis. Conduct (M4)" and received a sentence for that conviction, but the "journal entry" does not bear a time-stamp showing journalization by the clerk of court. Moreover, although Feliciano submitted with his notice of appeal a "copy" of the judgment entry, it, too, bears neither the judge's signature nor the court clerk's time-stamp. Therefore, the judgment does not comply with *Baker* requirements.

Appeal dismissed.

BLACKMON, P.J., and E. GALLAGHER, concur.